EAST BATON ROUGE PARISH    C-678874
Filed Jan 25, 2019 1:17 PM      23
Deputy Clerk of Court

PEYTON P. MURPHY*

*LICENSED IN CONNECTICUT

2354 SOUTH ACADIAN THRWY
BATON ROUGE LA 70808
WWW.MURPHYLAWFIRM.COM



## MURPHY
## LAW FIRM

ASHLEIGH N. MAZERAC
BRIAN L. MCCULLOUGH
TROY D. MORAIN

OFFICE (225) 928-8800
FAX (225) 928-8802

**January 25, 2019**

**HAND DELIVERED**

19th Judicial District Court
East Baton Rouge Parish
300 North Boulevard
Baton Rouge, LA 70802

    Re:   Jasmoine Clark and Keoshia Clark v Terry Coleman, et al
        19th Judicial District Court

Dear Clerk:

    Attached please find an original and one (1) copy of a *Petition for Damages, Request for Notice, Interrogatories, Request for Production of Documents and Request for Admissions* to be filed this date in the above referenced matter

    A firm check in the amount of $740.00 is enclosed for this filing.   If you should have any questions, or need any additional information, please do not hesitate to contact me.

        Sincerely yours,

        *Jadonna Germany*

        Jadonna Germany
        Paralegal to Peyton P. Murphy

/jg
Enclosures as stated

APITLA --TRUCKING LAWYERS OF AMERICA / MULTI-MILLION DOLLAR ADVOCATES FORUM
TOP INFLUENTIAL PROFESSIONALS 2016-2017 / BBB A+ RATING / 2017 TOP 10 BEST FIRMS
AMERICAN INSTITUTE OF PERSONAL INJURY ATTORNEYS / AMERICAS TOP 100 ATTORNEYS

**EXHIBIT**

B

| | |
|---|---|
| JASMOINE CLARK AND KEOSHIA CLARK | DOCKET NO. 678874 SEC. 23 |
| **VERSUS** | 19th JUDICIAL DISTRICT COURT |
| TERRY COLEMAN, NATIONAL FREIGHT, INC., and NATIONAL UNION FIRE INSURANCE CO OF PITTSBURGH PA | PARISH OF EAST BATON ROUGE |
| | STATE OF LOUISIANA |

## PETITION FOR DAMAGES

NOW INTO COURT comes Plaintiffs, JASMOINE CLARK AND KEOSHIA CLARK, both of majority age and domiciled in East Baton Rouge Parish, State of Louisiana, who, respectfully represent:

1.

Made Defendants herein are:

A.    **TERRY COLEMAN**, a resident of the lawful age of majority residing in Dallas, Texas, who can be served with process via Louisiana Long Arm Statute, at his residence, 8432 Hunnicut Road, Dallas, Texas 75225 ;

B.    **NATIONAL FREIGHT, INC.**, a foreign business, authorized to do and doing business in the State of Louisiana, who has appointed Corporation Service Company, as its agent for service of process and can be served at 501 Louisiana Avenue, Baton Rouge, Louisiana 70802; and

C.    **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA** a foreign insurance company authorized to do and doing business in the State of Louisiana, which has appointed Louisiana Secretary of State, as its agent for service of process, who can be served at 8585 Archives Avenue, Baton Rouge, LA 70809.

2.

Venue is proper in this jurisdiction pursuant to Louisiana Code of Civil Procedure article 42 (7), which provides in pertinent part that suit against a "foreign or alien insurer shall be brought in the Parish of East Baton Rouge."

3.

On or about February 10, 2018, Plaintiff, KEOSHIA CLARK, was the passenger in a 2016 CHEVROLET 1000, owned and operated by JASMIONE CLARK, which was traveling southbound on College Drive in East Baton Rouge Parish, Louisiana.

4.

On or about February 10, 2018, Defendant, TERRY COLEMAN, was the operator of a 2018 Freight Truck, owned by NATIONAL FREIGHT, INC. which was traveling southbound on College Drive in East Baton Rouge Parish, Louisiana.

1

Certified True and
Correct Copy
CertID: 2019012900869

5.

Suddenly and without warning, the 2018 Freight Truck, operated by Defendant, TERRY COLEMAN and owned by NATIONAL FREIGHT, INC., while attempting to make a left turn, travelled into the path of the vehicle owned and operated by JASMIONE CLARK, with Plaintiff, KEOSHIA CLARK as a passenger, thereby causing a collision and resulting in injuries to Plaintiffs, JASMIONE CLARK AND KEOSHIA CLARK.

6.

In no way did, Plaintiffs, JASMIONE CLARK OR KEOSHIA CLARK, contribute to causing said collision or injuries.

7.

The collision described above was caused solely and proximately by the gross and flagrant recklessness, carelessness, negligence, and fault of the Defendant, TERRY COLEMAN, in the following, non-exclusive, particulars to-wit:

A.  In failing to keep a proper look out;

B.  In failing to use reasonable care to keep the distance between the two vehicles;

C.  In failing to keep his vehicle under proper control;

D.  In following too closely;

E.  In operating his vehicle in a wanton and reckless manner with no regard for the rights and safety of others;

F.  In failing to yield;

G.  In failing to stop;

H.  In traveling into the path of the vehicle operated by JASMIONE CLARK, with KEOSHIA CLARK as a passenger;

I.  In failing to maintain control of his vehicle;

J.  In failing to see what he should have seen and if having seen, in failing to heed;

K.  In violating the traffic laws of the Parish of East Baton Rouge and/or the State of Louisiana;

L.  In making a left turn into the path of the vehicle operated by JASMIONE CLARK; and

M.  Any and all other acts and omissions to be proven through discovery or at the trial of this matter, all of which were in contravention of the exercise of due care and procedure.

2


Certified True and
Correct Copy
CertID: 2019012900869

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/29/2019 3:26 PM

8.

Upon information and belief, TERRY COLEMAN was in the course and scope of his employment with NATIONAL FREIGHT, INC. at the time of the collision described above.

9.

NATIONAL FREIGHT, INC., therefore, is liable to JASMIONE CLARK AND KEOSHIA CLARK pursuant to the doctrine of *respondeat superior* and Louisiana Civil Code Articles 2317 and 2320 for the tortious acts occasioned by TERRY COLEMAN of NATIONAL FREIGHT, INC. during the course and scope of their employment and while under the control, direction, and supervision of NATIONAL FREIGHT, INC.

10.

Additionally, the collision described above was caused by the gross and flagrant recklessness, carelessness, negligence and fault of NATIONAL FREIGHT, INC. and/or an employee, in the following non-exclusive particulars, to-wit:

A. In failing to properly train employees on vehicle safety and/or company policy and/or procedure;

B. In failing to properly train employees on operating and maneuvering a commercial vehicle and safety precautions;

C. In failing to properly supervise employees;

D. In failing to properly review, monitor, and/or verify employee qualifications relative to operation of a commercial vehicle; and

E. Any and all other acts and omissions to be proven through discovery or at the trial of this matter, all of which were in contravention of the exercise of due care and procedure.

11.

Plaintiff is informed, believes, and therefore alleges that at the time of the accident NATIONAL FREIGHT, INC., the owner of the 2018 Freight Truck had a policy of motor vehicle insurance with NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA insuring against the negligent acts of TERRY COLEMAN and NATIONAL FREIGHT, INC., under the laws of the State of Louisiana, was in full force and effect at the time of the accident and which insurance inures to the benefit of Plaintiff under the provisions of the Louisiana Direct Action Statute, Revised Statute 22:1269.

3



Certified True and
Correct Copy
CertID: 2019012900869

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/29/2019 3:26 PM

12.

Petitioner further alleges on information and belief that under the terms of said policy, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA obligated itself to pay any and all damages to others as a result of the negligence of NATIONAL FREIGHT, INC. and its employees, the operator of said vehicle, and the negligent acts of TERRY COLEMAN, herein described and the vehicle owned by NATIONAL FREIGHT, INC. at the time of said collision.

13.

Plaintiff further alleges on information and belief that under the terms of the said policy, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA obligated itself to pay any and all damages caused to others as a result of the negligence of TERRY COLEMAN in the operation of said vehicle, and the vehicle being driven by TERRY COLEMAN described above, was covered by said policy at the time of said collision.

14.

The Plaintiffs herein, JASMIONE CLARK AND KEOSHIA CLARK, are therefore entitled to damages for the items set forth above in such amounts as are reasonable in the premises.

15.

TERRY COLEMAN, NATIONAL FREIGHT, INC., and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, are therefore liable *in solido* unto the Plaintiff in said collision, for all debts due and owing for injuries sustained by Plaintiff as are reasonable in the premises, together with legal interest from the date of demand and for all costs of these proceedings, which are itemized and set out hereafter.

16.

As a result of the combined fault, negligence, and/or strict liability of the defendants in causing the aforementioned accident, Plaintiff, JASMIONE CLARK, suffered severe injuries including, but not limited to the following:

A. Neck;

B. Back;

C. Right Side;

D. Legs; and

E. Any and all other injuries to be shown upon the trial of this matter.

4


Certified True and
Correct Copy
CertID: 2019012900869

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/29/2019 3:26 PM

**17.**

As a result of the accident sued upon herein, Plaintiff, JASMIONE CLARK, suffered the following damages:

    A. Physical pain and suffering - past, present, and future;

    B. Mental pain, anguish, and distress - past, present, and future;

    C. Medical expenses - past, present, and future;

    D. Loss of enjoyment of life - past, present, and future; and

    E. Any and all other damages which shall be proven at trial of this matter.

**18.**

As a result of the combined fault, negligence, and/or strict liability of the defendants in causing the aforementioned accident, Plaintiff, KEOSHIA CLARK, suffered severe injuries including, but not limited to the following:

    A. Head;

    B. Neck;

    C. Back; and

    D. Any and all other injuries to be shown upon the trial of this matter.

**19.**

As a result of the accident sued upon herein, Plaintiff, KEOSHIA CLARK, suffered the following damages:

    F. Physical pain and suffering - past, present, and future;

    G. Mental pain, anguish, and distress - past, present, and future;

    H. Medical expenses - past, present, and future;

    I. Loss of enjoyment of life - past, present, and future;

    J. Loss Wages; and

    K. Any and all other damages which shall be proven at trial of this matter.

**20.**

Pursuant to the provisions of the Louisiana Code of Civil Procedure, article 1423, *et seq.*, the Plaintiff is entitled to a certified copy of any insurance policies issued to and/or otherwise insuring, TERRY COLEMAN, and NATIONAL FREIGHT, INC. for the claims made by Plaintiff herein. Plaintiff herein requests a certified copy of any and all such policies of insurance within thirty (30) days of service of the petition upon them.


Certified True and
Correct Copy
CertID: 2019012900869

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/29/2019 3:26 PM

21.

The Plaintiffs herein, JASMIONE CLARK AND KEOSHIA CLARK are therefore entitled

to damages for the items set forth above in such amounts as are reasonable in the premises.

**WHEREFORE**, Plaintiff prays:

1.  That certified copies of this Petition, together with Citation, be issued and served according to the law on the Defendants:

    A.  **TERRY COLEMAN**, a resident of the lawful age of majority residing in Dallas, Texas, who can be served with process via Louisiana Long Arm Statute, at his residence, 8432 Hunnicut Road, Dallas, Texas 75225;

    B.  **NATIONAL FREIGHT, INC.**, a foreign business, authorized to do and doing business in the State of Louisiana, who has appointed Corporation Service Company, as its agent for service of process and can be served at 501 Louisiana Avenue, Baton Rouge, Louisiana 70802; and

    C.  **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA** a foreign insurance company authorized to do and doing business in the State of Louisiana, which has appointed Louisiana Secretary of State, as its agent for service of process, who can be served at 8585 Archives Avenue, Baton Rouge, LA 70809.

2.  After the lapse of all legal delays and proceedings had, there be a judgment against TERRY COLEMAN, NATIONAL FREIGHT, INC., and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, *in solido* and in favor of JASMIONE CLARK AND KEOSHIA CLARK in such amounts as are reasonable in the premises;

3.  For all necessary orders and decrees as may be required or proper for full, general and equitable relief; and

4.  For legal interest from date of judicial demand on all amounts awarded, and for all costs of these proceedings.

**RESPECTFULLY SUBMITTED:**
**MURPHY LAW FIRM**

**PEYTON P. MURPHY (#22125)**
**BRIAN L. McCULLOUGH (#31256)**
**ASHLEIGH N. MAZERAC (#37223)**
**TROY D. MORAIN (#19070)**
2354 S. Acadian Thruway
Baton Rouge, Louisiana 70808
Telephone: (225) 928-8800
Facsimile: (225) 928-8802
Email: peyton@murphylawfirm.com
    ashleigh@murphylawfirm.com
    brian@murphylawfirm.com
    troy@murphylawfirm.com

*SERVICE INFORMATION ON NEXT PAGE*

Certified True and
Correct Copy
CertID: 2019012900869

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/29/2019 3:26 PM

**PLEASE SERVE DEFENDANTS:**

**TERRY COLEMAN**
*Via Louisiana Long Arm Statute*
8432 Hunnicut Road
Dallas, Texas 75225

**NATIONAL FREIGHT, INC.**
Through its Agent for Service of Process
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA**
Through its Agent for Service of Process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809



Certified True and
Correct Copy
CertID: 2019012900869

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/29/2019 3:26 PM

JASMOINE CLARK AND
KEOSHIA CLARK

DOCKET NO. _____ SEC. _____

**VERSUS**

19th JUDICIAL DISTRICT COURT

TERRY COLEMAN, NATIONAL
FREIGHT, INC., and NATIONAL
UNION FIRE INSURANCE CO
OF PITTSBURGH PA

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

---

### REQUEST FOR TEN DAYS NOTICE OF SETTING AND
### FOR NOTICE OF INTERLOCUTORY ORDER OR JUDGMENT

---

Plaintiffs, JASMIONE CLARK AND KEOSHIA CLARK, request that they be given at

least ten (10) days written notice in advance, in accordance with the provisions of article 1572 of

the Louisiana Code of Civil Procedure, of the date this case is to be fixed for trial. Plaintiffs further

request written notice of rendition of any interlocutory order or judgment in this case, pursuant to

article 1914 of the Louisiana Code of Civil Procedure.

**RESPECTFULLY SUBMITTED:**
**MURPHY LAW FIRM**

**PEYTON P. MURPHY (#22125)**
**BRIAN L. McCULLOUGH (#31256)**
**ASHLEIGH N. MAZERAC (#37223)**
**TROY D. MORAIN (#19070)**
2354 South Acadian Thruway
Baton Rouge, Louisiana 70808
Telephone: (225) 928-8800
Facsimile: (225) 928-8802
Email: Ashleigh@murphylawfirm.com
Email: Peyton@murphylawfirm.com
Email: Brian@murphylawfirm.com
Email: Troy@murphylawfirm.com

1


Certified True and
Correct Copy
CertID: 2019012900871


East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/29/2019 3:26 PM

| JASMOINE CLARK AND | DOCKET NO. _____ SEC. _____ |
| KEOSHIA CLARK | |
| VERSUS | 19th JUDICIAL DISTRICT COURT |
| | |
| TERRY COLEMAN, NATIONAL | |
| FREIGHT, INC., and NATIONAL | PARISH OF EAST BATON ROUGE |
| UNION FIRE INSURANCE CO | |
| OF PITTSBURGH PA | STATE OF LOUISIANA |

---

**INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, and REQUESTS FOR ADMISSIONS PROPOUNDED TO DEFENDANTS**

---

TO:  TERRY COLEMAN,
NATIONAL FREIGHT, INC., and
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

NOW INTO COURT, through undersigned counsel, comes the Plaintiffs, JASMIONE CLARK AND KEOSHIA CLARK who propounds the following Interrogatories, Requests for Production of Documents, and Requests for Admissions to Defendants, TERRY COLEMAN, NATIONAL FREIGHT, INC., and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. These Interrogatories are propounded in accordance with the applicable provisions of the Louisiana Code of Civil Procedure articles 1457 through 1459, and are to be answered separately and fully in writing and under oath, the answers thereto to be served on Plaintiff, through his attorney of record, Peyton P. Murphy, 2354 South Acadian Thruway, Baton Rouge, Louisiana 70808, within thirty (30) days from service hereof. Please take notice that these Interrogatories are deemed to be continuing and require supplementation as provided in the Louisiana Code of Civil Procedure article 1428. Further, in accordance with Louisiana Code of Civil Procedure article 1461, Plaintiff requests Defendants answer the following Request for Production of Documents, in writing, under oath, and in accordance with the applicable provisions of the Louisiana Code of Civil Procedure articles 1457 through 1459. Finally, Plaintiff requests these Defendants answer separately and fully in writing and under oath the Requests for Admissions, pursuant to Louisiana Code of Civil Procedure article 1466, *et seq.* Article 1467 (A) requires that Defendants "may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny."

2


Certified True and
Correct Copy
CertID: 2019012900871

## INTERROGATORIES

**INTERROGATORY NUMBER 1:**

Please state the full name, address, employer, and position (i.e. job classification) of all individuals who are responsible for providing the information to respond to these Interrogatories.

**INTERROGATORY NUMBER 2:**

State the last known name and address of the following persons:

a. all persons that this Defendant believes or has been informed witnessed the incident in question in which JASMIONE CLARK AND KEOSHIA CLARK were injured.

b. all persons who this Defendant believes or has been informed may have knowledge of any facts relevant to any aspect of this litigation.

**INTERROGATORY NUMBER 3:**

Identify by full name and work address each person whom you expect to call or may call as an expert witness, and with respect to each person so identified, state:

a. the subject matter on which the person is expected to testify.

b. the facts known to the expert (regardless of when the factual information was acquired) which relate to or form the basis of the mental impressions and opinions held by the expert.

**INTERROGATORY NUMBER 4:**

Please give the name, address, and phone number for all witnesses you plan to use at a trial of this matter and a brief description of their proposed testimony.

**INTERROGATORY NUMBER 5:**

Please list all exhibits and/or documentary evidence that you plan on introducing at the trial of this matter.

**INTERROGATORY NUMBER 6:**

Please state whether you, your client, or any agent/representative of you or your client have conducted or attempted to conduct any surveillance on JASMIONE CLARK AND KEOSHIA CLARK on or since the date of the incident made the basis of this litigation. This request includes but not limited to any videotapes, audiotapes, photographs, and/or visual surveillance.

**INTERROGATORY NUMBER 7:**

If the answer to the preceding interrogatory is in the affirmative, please list the name, address, and phone numbers of the persons(s) and/or entity(s) conducting or attempting to conduct

3

Certified True and
Correct Copy
CertID: 201901 2900872

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/29/2019 3:26 PM

the surveillance, the date(s) the surveillance was conducted or attempted to be conducted, and who is in possession of the surveillance at this time.

**INTERROGATORY NUMBER 8:**

Please state the names and addresses of any and all persons(s) from whom you, your client, or any agent/representative of you or your client have taken statements regarding the incident made the basis of this lawsuit and the date said statements were taken.

**INTERROGATORY NUMBER 9:**

Please describe to the best of your knowledge how the incident sued upon herein occurred.

**INTERROGATORY NUMBER 10:**

If you allege that the incident made the basis of this lawsuit was caused or created in whole or in part through any act(s) of negligence of JASMIONE CLARK AND KEOSHIA CLARK, please provide a description of the acts of negligence which you rely in making these allegations.

**INTERROGATORY NUMBER 11:**

If you allege that the incident made the basis of this lawsuit was caused or created in whole or in part through the negligence of any other person, party and/or entity, please provide a description of the acts of negligence which you contend any other person, party and/or entity, committed, and the facts and details upon which you rely in making these allegations.

**INTERROGATORY NUMBER 12:**

Please identify any and all insurance policies, including primary and excess, that this defendant has which may be available to satisfy a settlement or judgment of this claim, specifying the insurer, the insured, and the policy limits for each policy identified.

**INTERROGATORY NUMBER 13:**

Please list to the best of your knowledge any and all criminal matters, including but not limited to arrests, pleas, convictions, indictments, etc., that involve TERRY COLEMAN.

**INTERROGATORY NUMBER 14:**

Please list to the best of your knowledge any and all prior injuries, diseases, and/or illnesses suffered by TERRY COLEMAN prior to the incident in question.

**INTERROGATORY NUMBER 15:**

Please list the names and addresses of all places of employment in which TERRY COLEMAN worked for a period of ten (10) years prior to the accident in question.

4


Certified True and
Correct Copy
CertID: 2019012900872

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/29/2019 3:26 PM

## INTERROGATORY NUMBER 16:

Please identify each and every document, or piece of evidence, including demonstrative evidence and evidence that will be used for impeachment purposes only, that you intend to use and/or introduce at the trial of this matter, including but not limited to all electronically stored information, metadata, web-based data and e-mails

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION OF DOCUMENT NUMBER 1:

A certified copy or original of all applicable insurance policies to protect the Defendants for the type of risks herein sued upon. Please identify same fully setting forth the limits of coverage and the dates of coverage.

### REQUEST FOR PRODUCTION OF DOCUMENT NUMBER 2:

A transcript of all statements made by JASMIONE CLARK AND KEOSHIA CLARK which are in the possession of the Defendants.

### REQUEST FOR PRODUCTION OF DOCUMENT NUMBER 3:

Any documents, forms or other papers of any kind signed by JASMIONE CLARK AND KEOSHIA CLARK.

### REQUEST FOR PRODUCTION OF DOCUMENT NUMBER 4:

Any and all documents you intend to introduce at trial.

### REQUEST FOR PRODUCTION OF DOCUMENT NUMBER 5:

Any and all photographs taken or in the possession of the Defendants.

### REQUEST FOR PRODUCTION NUMBER 6:

Please produce any and all correspondence from any experts regarding the injuries allegedly sustained by you as a result of the incident.

### REQUEST FOR PRODUCTION NUMBER 7:

Please produce all documentation, including all accident reports, police reports, and injury reports in your possession as a result of this incident.

### REQUEST FOR PRODUCTION NUMBER 8:

Please produce a drawing or diagram of the scene of the incident.

5



Certified True and
Correct Copy
CertID: 2019012900873

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/29/2019 3:26 PM

**REQUEST FOR PRODUCTION NUMBER 9:**

Please produce any statements in any form obtained from any other person regarding any fact pertaining to the incident.

**REQUEST FOR PRODUCTION NUMBER 10:**

Please produce any and all documents not specifically requested above that are identified in your responses to the First Set of Interrogatories propounded above.

**REQUEST FOR PRODUCTION NO. 11:**

Consistent with Louisiana Code of Civil Procedure article 1458, please have Defendant, TERRY COLEMAN, complete the attached verification.

## REQUESTS FOR ADMISSION OF FACT

**REQUEST FOR ADMISSION NUMBER 1:**

Please admit that on February 10, 2018, TERRY COLEMAN was the operator of a 2018 Freight Truck.

**REQUEST FOR ADMISSION NUMBER 2:**

Please admit that on February 10, 2018, NATIONAL FREIGHT, INC. was the owner of a 2018 Freight Truck.

**REQUEST FOR ADMISSION NUMBER 3:**

Please admit that on February 10, 2018, the vehicle operated by TERRY COLEMAN was traveling southbound on College Drive, in East Baton Rouge Parish, Louisiana.

**REQUEST FOR ADMISSION NUMBER 4:**

Please admit that on February 10, 2018, the vehicle operated by JASMIONE CLARK with KEOSHIA CLARK as a passenger, was traveling southbound on College Drive in East Baton Rouge Parish, Louisiana.

**REQUEST FOR ADMISSION NUMBER 5:**

Please admit that on February 10, 2018, the 2018 Freight Truck, operated by Defendant, TERRY COLEMAN and owned by NATIONAL FREIGHT, INC., travelled into the path of the vehicle operated by Plaintiff, JASMIONE CLARK, with KEOSHIA CLARK as a passenger, thereby causing damage to the 2016 Chevrolet 1000, owned and operated by JASMIONE CLARK, and resulting in injuries to Plaintiffs, JASMIONE CLARK AND KEOSHIA CLARK.

**REQUEST FOR ADMISSION NUMBER 6:**

6

Certified True and
Correct Copy
CertID: 2019012900873

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/29/2019 3:26 PM

Please admit that on February 10, 2018, JASMIONE CLARK AND KEOSHIA CLARK sustained injuries in the collision between the tire from the vehicle operated by TERRY COLEMAN and the vehicle operated by JASMIONE CLARK, with KEOSHIA CLARK as a passenger.

**REQUEST FOR ADMISSION NUMBER 7:**

Please admit that the vehicle, operated by TERRY COLEMAN and owned by NATIONAL FREIGHT, INC. was covered by a policy of automobile liability insurance issued by NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA at the time of the incident which occurred on February 10, 2018.

**REQUEST FOR ADMISSION NUMBER 8:**

Please admit that NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA issued a policy of automobile liability insurance to TERRY COLEMAN which was in effect at the time of the collision on February 10, 2018.

**REQUEST FOR ADMISSION NUMBER 9:**

Please admit that TERRY COLEMAN was not in the course and scope of employment at the time of the collision on February 10, 2018.

**REQUEST FOR ADMISSION NUMBER 10:**

Please admit that TERRY COLEMAN had no additional insurance coverage at the time of the collision on February 10, 2018.

RESPECTFULLY SUBMITTED:
MURPHY LAW FIRM

_____
**PEYTON P. MURPHY (#22125)**
**BRIAN L. McCULLOUGH (#31256)**
**ASHLEIGH N. MAZERAC (#37223)**
**TROY D. MORAIN (#19070)**
2354 S. Acadian Thruway
Baton Rouge, Louisiana 70808
Telephone: (225) 928-8800
Facsimile: (225) 928-8802
Email: peyton@murphylawfirm.com
ashleigh@murphylawfirm.com
brian@murphylawfirm.com
troy@murphylawfirm.com

**SERVICE INFORMATION ON NEXT PAGE**

7


Certified True and
Correct Copy
CertID: 2019012900874

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/29/2019 3:26 PM

**PLEASE SERVE WITH PETITION FOR DAMAGES**

**TERRY COLEMAN**
*Via Louisiana Long Arm Statute*
8432 Hunnicut Road
Dallas, Texas 75225

**NATIONAL FREIGHT, INC.**
Through its Agent for Service of Process
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA**
Through its Agent for Service of Process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809



Certified True and
Correct Copy
CertID: 2019012900874

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/29/2019 3:26 PM

EAST BATON ROUGE PARISH
Filed Jan 25, 2019 1:17 PM
Deputy Clerk of Court

C-678874
23

JASMOINE CLARK AND
KEOSHIA CLARK

DOCKET NO. _____ SEC. _____

VERSUS

19th JUDICIAL DISTRICT COURT

TERRY COLEMAN, NATIONAL
FREIGHT, INC., and NATIONAL
UNION FIRE INSURANCE CO
OF PITTSBURGH PA

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

## VERIFICATION

STATE OF _____

COUNTY/PARISH OF _____

BEFORE ME, the undersigned authority, personally appeared:

### TERRY COLEMAN

who, after being duly sworn, did depose and state:

I have read the foregoing Answers to Interrogatories, Responses to Request for Production

of Documents, and Responses to Request for Admissions and affirm under penalty of perjury that

same are true and correct according to my best knowledge, information and belief.

_____

Printed Name _____

SUBSCRIBED AND SWORN before me this _____ day of _____, 2018.

_____

**NOTARY PUBLIC**

9


Certified True and
Correct Copy
CertID: 2019012900875


East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/29/2019 3:26 PM

**SERVICE COPY**



D1317411

# CITATION

JASMOINE CLARK
(Plaintiff)

VS

TERRY COLEMAN, ET AL
(Defendant)

NUMBER C-678874   SEC. 23

19ᵗʰ JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   NATIONAL FREIGHT, INC
THROUGH ITS AGENT FOR SERVICE OF PROCESS:
CORPORATION SERVICE COMPANY
501 LOUISIANA AVENUE
BATON ROUGE, LA 70802

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **JANUARY 29, 2019.**



*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: **MURPHY, PEYTON P**
(225) 928-8800

*The following documents are attached:
**PETITION, REQUESTS, INTERROGATORIES, VERIFICATION**

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**   After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:$_____
MILEAGES_____
TOTAL:  $_____

_____
Deputy Sheriff
Parish of East Baton Rouge

RECEIVED
FEB 06 2019
E.B.R. SHERIFF'S OFFICE

CITATION-2000

RETURN COPY



D1317437

# CITATION

JASMOINE CLARK
(Plaintiff)

**NUMBER C-678874   SEC. 23**

VS

**19th JUDICIAL DISTRICT COURT**

TERRY COLEMAN, ET AL
(Defendant)

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:   NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA
THROUGH ITS AGENT FOR SERVICE OF PROCESS:
LOUISIANA SECRETARY OF STATE

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on JANUARY 29, 2019.



*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: MURPHY, PEYTON P**
**(225) 928-8800**

*The following documents are attached:
PETITION, REQUESTS, INTERROGATORIES, VERIFICATION

### SERVICE INFORMATION:

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____, served on the above named party as follows:
PERSONAL SERVICE: On the party herein named at _____.

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

SECRETARY OF STATE: By tendering same to the within named, by handing same to _____.

DUE AND DILIGENT:   After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of East Baton Rouge, this _____ day of _____, 20_____.

I made service on the named party through the
Office of the Secretary of State on

SERVICE: $_____
MILEAGES $_____
TOTAL: $_____

Deputy Sheriff
Parish of East Baton Rouge

CITATION-2000

by tendering a copy of this document to

FEB 1 4 2019
KATHY DARDEN
DY. E. CUMMINS #1155
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

 **Certified True and
Correct Copy**
CertID: 2019051300680

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
5/13/2019 1:16 PM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**RETURN COPY**



D1317411

# CITATION

JASMOINE CLARK
(Plaintiff)

NUMBER C-678874   SEC. 23

VS

19th JUDICIAL DISTRICT COURT

TERRY COLEMAN, ET AL
(Defendant)

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   NATIONAL FREIGHT, INC
      THROUGH ITS AGENT FOR SERVICE OF PROCESS:
      CORPORATION SERVICE COMPANY
      501 LOUISIANA AVENUE
      BATON ROUGE, LA 70802

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on JANUARY 29, 2019.

FEB 0 7 2019

*Due service on the named party through Corporation Services by tendering a copy of this document to ☐ JARY CLAFLIN ☐ PAULA GLASER ☐ ... SCHUTE ...  Baton Rouge, Louisiana*

_Deputy Clerk of Court for_
_Doug Welborn, Clerk of Court_

Requesting Attorney: MURPHY PEYTON
(225) 928-8800

*The following documents are attached:
PETITION, REQUESTS, INTERROGATORIES, VERIFICATION

SERVICE INFORMATION:

Received on the _____ day of _____ 20_____ and on the _____ day of _____, 20_____, served on the above named party as follows:

PERSONAL SERVICE:  On the party herein named at _____

DOMICILIARY SERVICE:  On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

SECRETARY OF STATE:  By tendering same to the within named, by handing same to _____.

DUE AND DILIGENT:    After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone

Certified True and
Correct Copy
CertID: 201905130687

Doug Welborn
East Baton Rouge Parish
Clerk of Court

Generated Date:
5/13/2019 1:18 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)



RECEIVED
FEB 06 2019
E.B.R. SHERIFF'S OFFICE

Certified True and
Correct Copy
CertID: 201905130068

Doug Welborn
East Baton Rouge Parish
Clerk of Court

Generated Date:
5/13/2019 1:18 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

EAST BATON ROUGE PARISH
Filed Mar 13, 2019 3:36 PM
Deputy Clerk of Court
FAX Received Mar 11, 2019

C-678874
23

# DEGAN, BLANCHARD & NASH

A PROFESSIONAL LAW CORPORATION
CORPORATE ATRIUM
5555 HILTON AVENUE, SUITE 620
BATON ROUGE, LOUISIANA 70808

BRIAN W. HARRELL

TELEPHONE (225) 610-1110
FACSIMILE (225) 610-1220
WEBSITE: WWW.DEGAN.COM
WRITER'S DIRECT E-MAIL
BHARRELL@DEGAN.COM

March 12, 2019

Clerk of Court – 19th JDC
ATTN: CIVIL FILING
P.O. Box 1991
Baton Rouge, LA 70821-1991

Re:  *Jasmoine Clark & Keoshia Clark vs. Terry Coleman, National Freight, Inc.,et. al.*
Suit No: 678874, Section: 23, 19th JDC, Parish of East Baton Rouge
Our File No.: 578-11520

Dear Sir/Madam:

Enclosed herewith please find the original and two (2) copies of the *Defendants' Answer to Plaintiffs' Petition for Damages and Request for Trial by Jury, Jury Order, and Request for Notice* concerning the above-referenced matter. Kindly file the original into the record, forward same to the appropriate Judge for signature and mail the additional copy, conformed, to our office using the enclosed, self-addressed and stamped envelope.

Additionally, as per your office's instruction, enclosed is our firm's check in the amount of $325.00 made payable to the East Baton Rouge Parish Clerk of Court to cover the filing fees associated with the aforementioned request.

In the meantime, should you have any questions or need any additional information, please do not hesitate to contact our office.

Sincerely,

DEGAN, BLANCHARD & NASH

Brian W. Harrell

BWH/dhv
Enclosures

CC:  Peyton Murphy

{B0149575.DOC;1}



# Doug Welborn
### Clerk of Court
19th Judicial District
Parish of East Baton Rouge

P.O. Box 1991
Baton Rouge, La 70821-1991
Telephone: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

## FAX RECEIPT

**FROM: SUIT ACCOUNTING DEPARTMENT**

**FAX NUMBER: (225) 389-3392**

**To: BRIAN HARRELL**

**JASMOINE CLARK VS TERRY COLEMAN, ET AL**

**Date: MARCH 11, 2019**

**Suit No.: C-678874**

**Section: 23**

**Total Amount Due (Includes all applicable fees below) $325.00**

| | |
|---|---|
| 901-COVER LETTER | 1 PAGE |
| 3003-ANSWER WITH JURY ORD-CIV | 7 PAGES |
| 5004-REQUEST NTC-CV | 2 PAGES |

The Clerk's office received the above mentioned documents by facsimile transmission dated 3-11-19, document(s) in the above referenced case. In accordance with R.S. 13:850(B), within seven days, exclusive of legal holidays, the party filing the document shall forward to the clerk, the original signed document, applicable filing fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filings by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3) A transmission fee of five dollars
13:841(A)(2)(a) First page of each pleading, six dollars
13:841(A)(2)(b) Each subsequent page, four dollars
13:841(A)(2)(c) Paper-exhibits, attachments, transcripts and depositions-per page, two dollars
13:841(A)(4)(b) Issuing document without notice of service, fifteen dollars (Receipt generation fee)

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENT(S).**

**IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.**

*Kay Lewis*

*Deputy Clerk of Court for*
*Doug Welborn, Clerk of Court*

Suit Accounting Dept. Form #6 Rev. 08/26/14

03/11/2019 MON 2:51 PM  [TX/RX NO 5737]  @0001

EAST BATON ROUGE PARISH
C-678874
Filed Mar 13, 2019 3:36 PM
23
Deputy Clerk of Court
FAX Received Mar 11, 2019



19th JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

NUMBER: C-678874                         SECTION: 23

JASMOINE CLARK AND KEOSHIA CLARK

VERSUS

TERRY COLEMAN, NATIONAL FRIGHT, INC., AND NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH PA

FILED: _____          _____
                                    DEPUTY CLERK

---

**DEFENDANTS' ANSWER TO PLAINTIFFS' PETITION FOR DAMAGES
AND REQUEST FOR TRIAL BY JURY**

---

NOW INTO COURT, through undersigned counsel, come Defendants, National
Freight, Inc. and National Union Fire Insurance Company of Pittsburgh, PA (collectively
referred to herein as "Defendants") who hereby answer the Plaintiffs' Petition for Damages as
follows:

**1.**

The allegations contained in Paragraph 1 of the Plaintiffs' Petition for Damages are
denied except to admit the alleged domiciliary status of the Defendants. Any and all allegations
of fault or liability on the part of the Defendants are specifically denied.

**2.**

The allegations contacted in Paragraph 2 of the Plaintiffs' Petition for Damages require
no answer from the Defendants; however, out of an abundance of caution, the allegations are
denied for lack of sufficient information to justify a belief therein.

**3.**

The allegations contained in Paragraph 3 of the Plaintiffs' Petition for Damages are
denied for lack of sufficient information to justify a belief therein.

**4.**

The allegations contained in Paragraph 4 of the Plaintiffs' Petition for Damages are
denied.

**5.**

The allegations contained in Paragraph 5 of the Plaintiffs' Petition for Damages are
denied.

**6.**

The allegations contained in Paragraph 6 of the Plaintiffs' Petition for Damages are denied.

**7.**

The allegations contained in Paragraph 7 and subparagraphs A - M of the Plaintiffs' Petition for Damages are denied.

**8.**

The allegations contained in Paragraph 8 of the Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

**9.**

The allegations contained in Paragraph 9 of the Plaintiffs' Petition for Damages are denied.

**10.**

The allegations contained in Paragraph 10 and subparagraphs A - E of the Plaintiffs' Petition for Damages are denied.

**11.**

The allegations contained in Paragraph 11 of the Plaintiffs' Petition for Damages are denied except to admit that National Union Fire Insurance Company of Pittsburgh, PA issued a policy of insurance to its insured which was in effect on the date of the subject accident. However, as a written document, said policy is the best evidence of its terms, conditions, provisions, exclusions, and limitations, all of which are plead herein as if copied *in extenso*.

**12.**

The allegations contained in Paragraph 12 of the Plaintiffs' Petition for Damages are denied.

**13.**

The allegations contained in Paragraph 13 of the Plaintiffs' Petition for Damages are denied.

**14.**

The allegations contained in Paragraph 14 of the Plaintiffs' Petition for Damages are denied.

**15.**

The allegations contained in Paragraph 15 of the Plaintiffs' Petition for Damages are denied.

**16.**

The allegations contained in Paragraph 16 and subparagraphs A - E of the Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

**17.**

The allegations contained in Paragraph 17 and subparagraphs A - E of the Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

**18.**

The allegations contained in Paragraph 18 and subparagraphs A - D of the Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

**19.**

The allegations contained in Paragraph 19 and subparagraphs F - K of the Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

**20.**

The allegations contained in Paragraph 20 of the Plaintiffs' Petition for Damages are denied.

**21.**

The allegations contained in Paragraph 21 of the Plaintiffs' Petition for Damages are denied.

**22.**

Defendants deny that the Plaintiffs are entitled to the relief sought in the Prayer for Relief.

**23.**

As to any other paragraphs and/or subparagraphs of the Petition which are not specifically mentioned herein, Defendants deny all allegations of same for lack of knowledge or information sufficient to justify a good faith belief therein.

***Request for Trial by Jury***

**24.**

Defendants hereby request a trial by jury on all issues so triable.

3

## AFFIRMATIVE DEFENSES

**AND NOW FURTHER ANSWERING**, and as its affirmative defenses, Defendants respectfully aver:

### FIRST AFFIRMATIVE DEFENSE

As the First Affirmative Defense, the Defendants assert a Failure to State a Cause of Action upon which relief can be granted, as the Plaintiffs failed to sufficiently plead a basis upon which relief can be granted. Plaintiffs failed to allege with specificity any factual allegations to establish the requisite elements. Plaintiffs failed to set forth ultimate facts to show that they are entitled to relief.

### SECOND AFFIRMATIVE DEFENSE

As the Second Affirmative Defense, the Defendants asserts that the Plaintiffs' damages were caused, in whole or part, as a result of Plaintiffs' own negligence, including but not limited to, acts of negligence listed below and others to be shown at the time of trial:

a. Failing to exercise reasonable care under the circumstances prevailing at the time of the accident;

b. Failing to take proper precautions to avoid the accident;

c. Failing to do any act by which the action that is made the basis of this lawsuit could have been avoided;

d. Failing to act as a reasonable and prudent person would act under the same or similar circumstances;

e. Failing to be attentive to his surroundings and to act in a prudent and cautious manner for the protection of life and limb; and

f. Other acts and or omissions that constitute negligence to be shown at the time of trial herein.

Therefore, Plaintiffs' recovery, if any, should be proportionally diminished by the Doctrine of Comparative Negligence.

### THIRD AFFIRMATIVE DEFENSE

As the Third Affirmative Defense, the Defendants assert that any injuries or damages alleged by the Plaintiffs was the result of intervening or superseding events, factors, occurrences or condition, which were in no way caused or contributed to by the Defendants, therefore, the Defendants are not liable hence defeating Plaintiffs' claims.

### FOURTH AFFIRMATIVE DEFENSE

As the Fourth Affirmative Defense, the Defendants assert Waiver and Estoppel in that the Plaintiffs are barred, in whole or part, from recovery to the extent that it or its agents or real

parties in interest have made statements or taken actions which stop them from asserting the allegations stated in the Petition for Damages.

### FIFTH AFFIRMATIVE DEFENSE

As the Fifth Affirmative Defense, the Defendants state that the alleged injuries and/or damages of the Plaintiffs were caused in whole or in part by the negligence of third parties over whom the Defendants had no control. The Plaintiffs' claims against the Defendants must therefore be reduced in proportion to the negligence of third parties.

### SIXTH AFFIRMATIVE DEFENSE

As the Sixth Affirmative Defense, it is affirmatively alleged that the Plaintiffs have and possibly will receive payment of medical expenses under a policy or policies of health, accident, or medical and or hospitalization insurance, Medicare or Medicaid benefits and or at a charity hospital, and have subrogated their rights and or claims for payment of said expenses to the person, firm, corporation, or entity issuing said policy or benefits, and therefore has no right of action against the Defendants for the amounts so paid.

### SEVENTH AFFIRMATIVE DEFENSE

As the Seventh Affirmative Defense, the Defendants cannot be held liable to the Plaintiffs to the extent that the damages, if any, pre-existed the incident described in the Petition for Damages.

### EIGHTH AFFIRMATIVE DEFENSE

As the Eighth Affirmative Defense, the Plaintiffs' claims are prescribed.

### NINTH AFFIRMATIVE DEFENSE

To the extent discovery may show it applicable, Defendants aver that the claims against Defendants are barred, in whole or in part, based on the unavoidable and/or inevitable accident and/or sudden emergency doctrines.

### RESERVATION OF RIGHT TO SUPPLEMENT DEFENSES

The facts having not been fully developed, Defendants give notice that they intend to rely upon such other affirmative defenses as may become available or apparent by law and/or during the course of discovery and thus reserve the right to amend their Answer to assert such defenses. The Defendants assert that the Plaintiffs have not described the claims, or the underlying facts against the Defendants with sufficient particularity to enable them to determine all defenses may

pertain to such claims. The Defendants, therefore, reserve their rights to assert additional defenses once the precise nature of such claims is ascertained.

**WHEREFORE**, the Defendants, National Freight, Inc. and National Union Fire Insurance Company of Pittsburgh, PA, pray this answer to the Plaintiffs' Petition for Damages be deemed good and sufficient, that it receives a trial on all issues herein, and that after due proceedings are had there be judgment rendered in their favor and against the Plaintiffs, dismissing the Plaintiffs' petition with prejudice, at the Plaintiffs' costs, and for all other general and equitable relief to which the Defendants may be deemed entitled by this Court.

Respectfully Submitted:

**DEGAN, BLANCHARD & NASH**

Brian W. Harrell (#28439)
Sidney W. Degan, III (#4804)
5555 Hilton Avenue, Suite 620
Baton Rouge, Louisiana 70808
Telephone: 225-610-1110
Facsimile: 225-610-1220
*Counsel for the Defendants,*
*National Freight, Inc. and National Union Fire*
*Insurance Company of Pittsburgh, PA*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon all counsel of record and unrepresented parties, as follows:

| | |
|---|---|
| Peyton P. Murphy<br>Brian L. McCullough<br>Ashley N. Mazerac<br>Troy D. Morain<br>Murphy Law Firm<br>2354 S. Acadian Thruway<br>Baton Rouge, Louisiana 70808<br>*Counsel for plaintiffs* | ☑ US Mail, property addressed with postage prepaid<br>☑ Facsimile<br>☐ UPS/Federal Express<br>☐ Electronically (email) |

Baton Rouge, Louisiana, this the _11_ day of March, 2019.

Brian W. Harrell

**19th JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE**
**STATE OF LOUISIANA**

NUMBER: C-678874                                              SECTION: 23

**JASMOINE CLARK AND KEOSHIA CLARK**

**VERSUS**

**TERRY COLEMAN, NATIONAL FRIGHT, INC., AND NATIONAL UNION FIRE**
**INSURANCE COMPANY OF PITTSBURGH PA**

FILED: _____        _____
                                                    **DEPUTY CLERK**

| JURY ORDER |
| --- |

LET THIS CASE be tried by Jury upon either Defendant giving bond with good and

**TO BE DETERMINED AT PRE-TRIAL CONFERENCE**

solvent surety conditioned as the law directs in the amount of $_____

DOLLARS ($_____), to cover additional cost of the Jury herein.

The deposit shall be filed with the Clerk of Court no later than _____ days prior to

trial.

Signed at _____, Louisiana this __**March 19 2019**_____, 20____.


_William A. Morvant_____
**JUDGE**


**Please send certified copies of Jury Order to the following:**

Brian W. Harrell
Degan, Blanchard & Nash
5555 Hilton Avenue, Suite 620
Baton Rouge, Louisiana 70808

EAST BATON ROUGE PARISH
Filed Mar 13, 2019 3:36 PM
Deputy Clerk of Court
FAX Received Mar 11, 2019

C-678874
23

19th JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

NUMBER: C-678874                                        SECTION: 23

JASMOINE CLARK AND KEOSHIA CLARK

VERSUS

TERRY COLEMAN, NATIONAL FRIGHT, INC., AND NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH PA

FILED: _____        _____
                                                        DEPUTY CLERK

| REQUEST FOR NOTICE |
|---|

Pursuant to the Louisiana Code of Civil Procedure, the undersigned counsel for
Defendants, National Freight, Inc. and National Union Fire Insurance Company of Pittsburgh,
PA, request written notice by mail at least ten (10) days in advance of all trial dates, dates of
arguments or hearings (whether on merits or otherwise), signing of any final judgment, rendition
of any interlocutory orders, judgments, or decrees and any and all formal steps taken by the
parties, the Judge, or any member of the Court in the above-entitled and numbered cause.

Respectfully Submitted:

DEGAN, BLANCHARD & NASH

_____
Brian W. Harrell (#28439)
Sidney W. Degan, III (#4804)
5555 Hilton Avenue, Suite 620
Baton Rouge, Louisiana 70808
Telephone: 225-610-1110
Facsimile: 225-610-1220
*Counsel for the Defendants,*
*National Freight, Inc. and National Union Fire*
*Insurance Company of Pittsburgh, PA*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon all

counsel of record and unrepresented parties, as follows:

| | |
|---|---|
| Peyton P. Murphy<br>Brian L. McCullough<br>Ashley N. Mazerac<br>Troy D. Morain<br>Murphy Law Firm<br>2354 S. Acadian Thruway<br>Baton Rouge, Louisiana 70808<br>*Counsel for plaintiffs* | ☑ US Mail, property addressed with postage prepaid<br>☑ Facsimile<br>☐ UPS/Federal Express<br>☐ Electronically (email) |

Baton Rouge, Louisiana, this the 11 day of March, 2019.

Brian W. Harrell

JASMOINE CLARK and
KEOSHIA CLARK

VERSUS

TERRY COLEMAN, NATIONAL
FREIGHT, INC., and NATIONAL UNION
FIRE INSURANCE CO OF
PITTSBURGH PA

DOCKET NO. 678874    SEC. 23

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

## MOTION AND ORDER
## TO REMOVE COUNSEL AND SUBSTITUTE COUNSEL OF RECORD

**NOW INTO COURT,** through undersigned counsel, come Peyton P. Murphy, Ashleigh

N. Mazerac and Troy D. Morain, who respectfully suggest to the Court that the name of Brian L.

McCullough be removed as counsel of record on behalf of the Plaintiff(s) and that Candy F. Be be

substituted as counsel of record on behalf of the Plaintiff(s) for Brian L. McCullough in the above

captioned matter. Brian L. McCullough is no longer employed by Murphy Law Firm. Plaintiff(s)

hired Murphy Law Firm and Peyton P. Murphy, and since Brian L. McCullough is no longer

employed by Murphy Law Firm, he should be removed as counsel of record.

**WHEREFORE MOVERS PRAY** that the name of Brian L. McCullough be removed as

counsel of record on behalf of the Plaintiff(s) and that Candy F. Be be substituted as counsel of

record on behalf of the Plaintiff(s) for Brian L. McCullough in the above captioned matter.

RESPECTFULLY SUBMITTED:
MURPHY LAW FIRM,

_____

**PEYTON P. MURPHY (#22125)**
**ASHLEIGH N. MAZERAC (#37223)**
**TROY D. MORAIN (#19070)**
**CANDY F. BE (#24414)**
2354 S. Acadian Thruway
Baton Rouge, Louisiana 70808
Telephone: (225) 928-8800
Facsimile: (225) 928-8802
Email: ashleigh@murphylawfirm.com
        peyton@murphylawfirm.com
        troy@murphylawfirm.com
        candy@murphylawfirm.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing
pleading has been served upon all parties
of record by facsimile, hand delivery,
electronic mail, or placing same in the U.S.
Mail, postage prepaid and properly
addressed, this 14 day of March, 2019.

_____
PEYTON P. MURPHY

| JASMOINE CLARK and | DOCKET NO. 678874     SEC. 23 |
| KEOSHIA CLARK | |

VERSUS                                   19th JUDICIAL DISTRICT COURT

TERRY COLEMAN, NATIONAL            PARISH OF EAST BATON ROUGE
FREIGHT, INC., and NATIONAL UNION
FIRE INSURANCE CO OF
PITTSBURGH PA                      STATE OF LOUISIANA

---

## ORDER

---

Considering the foregoing Motion:

**IT IS HEREBY ORDERED** that the name of Brian L. McCullough be removed as counsel of record for the Plaintiff(s) and that Candy F. Be be substituted as counsel of record on behalf of the Plaintiff(s) for Brian L. McCullough.

Baton Rouge, Louisiana on this _____ day of _____, 2019.

---

**19th JUDICIAL DISTRICT COURT JUDGE**

**PLEASE PROVIDE NOTICE TO:**

**PEYTON P. MURPHY**
**ASHLEIGH N. MAZERAC**
**TROY D. MORAIN**
**CANDY F. BE**
MURPHY LAW FIRM
2354 South Acadian Thruway
Baton Rouge, Louisiana 70808

**BRIAN W. HARRELL**
DEGAN, BLANCHARD & NASH
5555 Hilton Avenue, Suite 620
Baton Rouge, Louisiana 70808



**19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA
300 NORTH BLVD
BATON ROUGE, LA 70801**

**28TH DAY OF MARCH, 2019**

TO:   BRIAN W HARRELL
      DEGAN BLANCHARD & NASH
      5555 HILTON AVE STE 620
      BATON ROUGE, LA 70808

JASMOINE CLARK VS JASMOINE CLARK

**CASE NUMBER:** C-678874

**JUDGE:** HON. WILLIAM A. MORVANT

**DIVISION:** 23

YOU ARE HEREBY NOTIFIED OF THE FOLLOWING ACTION FOR THE

AFOREMENTIONED CASE: THE COURT ENCLOSES A COPY OF THE ORDER SIGNED
MARCH 21, 2019.


*Cherry L. Shaffett*
JUDICIAL ASSISTANT TO
HON. WILLIAM A. MORVANT

NOTIFIED:

ASHLEIGH N MAZERAC
BRIAN W HARRELL
CANDY FODOR BE
PEYTON P MURPHY
TROY D MORAIN

JASMOINE CLARK and
KEOSHIA CLARK

DOCKET NO. 678874     SEC. 23

VERSUS

19th JUDICIAL DISTRICT COURT

TERRY COLEMAN, NATIONAL
FREIGHT, INC., and NATIONAL UNION
FIRE INSURANCE CO OF
PITTSBURGH PA

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

---

## ORDER

---

Considering the foregoing Motion:

**IT IS HEREBY ORDERED** that the name of Brian L. McCullough be removed as

counsel of record for the Plaintiff(s) and that Candy F. Be be substituted as counsel of record on

behalf of the Plaintiff(s) for Brian L. McCullough.

Baton Rouge, Louisiana on this ___March 21_____, 2019.

William A. Morvant

**19th JUDICIAL DISTRICT COURT JUDGE**

**PLEASE PROVIDE NOTICE TO:**

**PEYTON P. MURPHY**
**ASHLEIGH N. MAZERAC**
**TROY D. MORAIN**
**CANDY F. BE**
MURPHY LAW FIRM
2354 South Acadian Thruway
Baton Rouge, Louisiana 70808

**BRIAN W. HARRELL**
DEGAN, BLANCHARD & NASH
5555 Hilton Avenue, Suite 620
Baton Rouge, Louisiana 70808

EAST BATON ROUGE PARISH    C-678874
Filed Mar 27, 2019 8:49 AM    23
Deputy Clerk of Court

PEYTON P. MURPHY*
*LICENSED IN LOUISIANA AND CONNECTICUT



**MURPHY LAW FIRM**

ASHLEIGH N. MAZERAC
CANDY F. BE
TROY D. MORAIN

2354 SOUTH ACADIAN THRWY
BATON ROUGE LA 70808
WWW.MURPHYLAWFIRM.COM

OFFICE (225) 928-8800
FAX (225) 928-8802

**March 21, 2019**

Clerk Of Court
19th Judicial District Court
East Baton Rouge Parish
300 North Boulevard
Baton Rouge, LA 70802

     Re:   *Jasmoine Clark, et al v. Terry Coleman, et al*
         *19th JDC; Parish of EBR; State of Louisiana*
         *Suit Number: 678,874 ; Section: "23C"*

Dear Clerk:

       Please re-issue Long Arm Service of the *Petition for Damages, Request for Notice, Interrogatories, Request for Production of Documents and Request for Admissions* on the defendant, Terry Coleman, at the address below:

Terry Coleman
6909 Highland Crest Lane
Sachse, TX 75048

       If you have any questions, or need any additional information, please do not hesitate to contact me.

Sincerely yours,

Jadonna Germany
Paralegal to Peyton P. Murphy

/jg
Enclosures as stated

EAST BATON ROUGE PARISH | C-678874
Filed Apr 11, 2019 5:02 PM | 23
Deputy Clerk of Court

PEYTON P. MURPHY*

*LICENSED IN LOUISIANA AND CONNECTICUT

ASHLEIGH N. MAZERAC
CANDY F. BE
TROY D. MORAIN

2354 SOUTH ACADIAN THRWY
BATON ROUGE LA 70808
WWW.MURPHYLAWFIRM.COM

OFFICE (225) 928-8800
FAX (225) 928-8802



## MURPHY
## LAW FIRM

April 11, 2019

Clerk Of Court
19th Judicial District Court
East Baton Rouge Parish
300 North Boulevard
Baton Rouge, LA 70802

Re:  *Jasmoine Clark, et al v. Terry Coleman, et al*
*19th JDC; Parish of EBR; State of Louisiana*
*Suit Number: 678,874 ; Section: "23C"*

Dear Clerk:

Attached please find an original and one (1) copy of an *Affidavit of Long Arm Service*, in reference to the above captioned matter.   Please file same into the record and give a stamped copy to my runner.   A firm check in the amount of $31.00 is enclosed for this filing.

Thank you very much for your assistance in this matter.

Sincerely yours,

Jadonna Germany
Paralegal to Peyton P. Murphy

/jg
Enclosures as stated

JASMOINE CLARK AND
KEOSHIA CLARK

DOCKET NO. 678,874 SEC. 23C

VERSUS

19th JUDICIAL DISTRICT COURT

TERRY COLEMAN, NATIONAL
FREIGHT, INC., and NATIONAL
UNION FIRE INSURANCE CO
OF PITTSBURGH PA

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

## AFFIDAVIT OF LONG-ARM SERVICE

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

Before me, the undersigned Notary Public, PERSONALLY CAME AND APPEARED:

JADONNA GERMANY

who first being duly sworn, deposed, and said: That affiant is a Paralegal for Peyton Murphy of Murphy Law Firm, L.L.C., 2354 S. Acadian Thruway, Baton Rouge, Louisiana 70808; that affiant received a true copy of the annexed Citation and Petition for Damages in the above matter and mailed the same, by certified mail to the Defendant, TERRY COLEMAN, April , 2019; that the same was delivered to the defendant as more fully appears from the annexed post office return receipt for Certified Mail Return Receipt Number 7018 1830 0000 8621 1084.

JADONNA GERMANY

Sworn to and subscribed before me on this 11th day of April, 2019.

Troy D. Morain

Bar No. 19070
Expires: Death

Certified True and
Correct Copy
CertID: 2019051300689

Doug Welborn
East Baton Rouge Parish
Clerk of Court

Generated Date:
5/13/2019 1:21 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

EAST BATON ROUGE PARISH
Filed Apr 11, 2019 5:02 PM
Deputy Clerk of Court

C-678874
23

PEYTON P. MURPHY*
*LICENSED IN LOUISIANA AND CONNECTICUT



MURPHY
LAW FIRM

ASHLEIGH N. MAZERAC
CANDY F. BE
TROY D. MORAIN

2354 SOUTH ACADIAN THRWY
BATON ROUGE LA 70808
WWW.MURPHYLAWFIRM.COM

OFFICE (225) 928-8800
FAX (225) 928-8802

April 3, 2019

CERTIFIED MAIL #7018 1830 0000 8621 1084

Terry Coleman
6909 Highland Crest Lane
Sachse, TX 75048

Re:     *Jasmoine Clark, et al v. Terry Coleman, et al*
        *19th JDC; Parish of EBR; State of Louisiana*
        *Suit Number: 678,874 ; Section: "23C"*

Mr. Coleman:

Enclosed is a *Petition for Damages, Interrogatories, Request for Production of Documents and Requests for Admissions Propounded to Defendants* concerning the above entitled and numbered matter.

Please be advised that **Terry Coleman** has been named as a defendant in this matter.   You have thirty (30) days to respond to same within the provisions of the Code of Civil Procedure for the State of Louisiana.

Thank you and best regards.

Very truly yours,

Peyton P. Murphy
Murphy Law Firm

PPM/jg
Enclosures



UNITED WE STAND

$ 007.90°
02 1P
0000887746     APR 03 2019
MAILED FROM ZIP CODE 76808

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

# OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Total P
$

Sent To

Terry Coleman
6909 Highland Crest Lane
Sachse, TX 75048

Street

City, St

PS Form

Terry Coleman
6909 Highland Crest Lane
Sachse, TX 75048

7018 1830 0000 8621 1084

Terry Coleman
6909 Highland Crest Lane
Sachse, TX 75048

9590 9402 4494 8248 6787 09

7018 1830 0000 8621 1084

PS Form 3811, July 2015 7530-02-000-9053



SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Terry Coleman
6909 Highland Crest Lane
Sachse, TX 75048

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _Terry L Cole____      ☐ Agent
                          ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Terry L. Coleman

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

GARLAND TX 75044
APR 6 - 2019

9590 9402 4494 8248 6787 09

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number
7018 1830 0000 8621 1084

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

EAST BATON ROUGE PARISH
Filed Apr 25, 2019 12:44 PM
Deputy Clerk of Court
FAX Received Apr 23, 2019

C-678874
23

# DEGAN, BLANCHARD & NASH
A PROFESSIONAL LAW CORPORATION
CORPORATE ATRIUM
5555 HILTON AVENUE, SUITE 620
BATON ROUGE, LOUISIANA 70808

BRIAN W. HARRELL

TELEPHONE (225) 610-1110
FACSIMILE (225) 610-1220
WEBSITE: WWW.DEGAN.COM
WRITER'S DIRECT E-MAIL
BHARRELL@DEGAN.COM

April 24, 2019

Clerk of Court – 19th JDC
ATTN: CIVIL FILING
P.O. Box 1991
Baton Rouge, LA 70821-1991

Re:  *Jasmoine Clark & Keoshia Clark vs. Terry Coleman, National Freight, Inc.,et. al.*
Suit No: 678874, Section: 23, 19th JDC, Parish of East Baton Rouge
Our File No.: 578-11520

Dear Sir/Madam:

Enclosed herewith please find the original and two (2) copies of the *Defendant's Answer to Plaintiffs' Petition for Damages and Request for Trial by Jury* concerning the above-referenced matter. Kindly file the original into the record, forward same to the appropriate Judge and mail the additional copy, conformed, to our office using the enclosed, self-addressed and stamped envelope.

Additionally, as per your office's instruction, enclosed is our firm's check in the amount of $282.00 made payable to the East Baton Rouge Parish Clerk of Court to cover the filing fees associated with the aforementioned request.

In the meantime, should you have any questions or need any additional information, please do not hesitate to contact our office.

Sincerely,

DEGAN, BLANCHARD & NASH

Brian W. Harrell

BWH/dhv
Enclosures

CC:  Peyton Murphy

{B0156310.DOC;1}

EAST BATON ROUGE PARISH
Filed Apr 25, 2019 12:44 PM
- - Deputy Clerk of Court
FAX Received Apr 23, 2019

C-678874
23



19th JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

NUMBER: C-678874          SECTION: 23

JASMOINE CLARK AND KEOSHIA CLARK

VERSUS

TERRY COLEMAN, NATIONAL FRIGHT, INC., AND NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH PA

FILED: _____     _____
                                  DEPUTY CLERK

---

**DEFENDANT'S ANSWER TO PLAINTIFFS' PETITION FOR DAMAGES
AND REQUEST FOR TRIAL BY JURY**

---

NOW INTO COURT, through undersigned counsel, comes Defendant, Terry Coleman (collectively referred to herein as "Defendant") who hereby answer the Plaintiffs' Petition for Damages as follows:

**1.**

The allegations contained in Paragraph 1 of the Plaintiffs' Petition for Damages are denied except to admit the alleged domiciliary status of the Defendant. Any and all allegations of fault or liability on the part of the Defendant is specifically denied.

**2.**

The allegations contacted in Paragraph 2 of the Plaintiffs' Petition for Damages require no answer from the Defendant; however, out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

**3.**

The allegations contained in Paragraph 3 of the Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

**4.**

The allegations contained in Paragraph 4 of the Plaintiffs' Petition for Damages are denied.

**5.**

The allegations contained in Paragraph 5 of the Plaintiffs' Petition for Damages are denied.

**6.**

The allegations contained in Paragraph 6 of the Plaintiffs' Petition for Damages are denied.

**7.**

The allegations contained in Paragraph 7 and subparagraphs A - M of the Plaintiffs' Petition for Damages are denied.

**8.**

The allegations contained in Paragraph 8 of the Plaintiffs' Petition for Damages are denied.

**9.**

The allegations contained in Paragraph 9 of the Plaintiffs' Petition for Damages are denied.

**10.**

The allegations contained in Paragraph 10 and subparagraphs A - E of the Plaintiffs' Petition for Damages are denied.

**11.**

The allegations contained in Paragraph 11 of the Plaintiffs' Petition for Damages are denied except to admit that National Union Fire Insurance Company of Pittsburgh, PA issued a policy of insurance to its insured which was in effect on the date of the subject accident. However, as a written document, said policy is the best evidence of its terms, conditions, provisions, exclusions, and limitations, all of which are plead herein as if copied *in extenso*.

**12.**

The allegations contained in Paragraph 12 of the Plaintiffs' Petition for Damages are denied.

**13.**

The allegations contained in Paragraph 13 of the Plaintiffs' Petition for Damages are denied.

**14.**

The allegations contained in Paragraph 14 of the Plaintiffs' Petition for Damages are denied.

**15.**

The allegations contained in Paragraph 15 of the Plaintiffs' Petition for Damages are denied.

**16.**

The allegations contained in Paragraph 16 and subparagraphs A - E of the Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

**17.**

The allegations contained in Paragraph 17 and subparagraphs A - E of the Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

**18.**

The allegations contained in Paragraph 18 and subparagraphs A - D of the Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

**19.**

The allegations contained in Paragraph 19 and subparagraphs F - K of the Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

**20.**

The allegations contained in Paragraph 20 of the Plaintiffs' Petition for Damages are denied.

**21.**

The allegations contained in Paragraph 21 of the Plaintiffs' Petition for Damages are denied.

**22.**

Defendant denies that the Plaintiffs are entitled to the relief sought in the Prayer for Relief.

**23.**

As to any other paragraphs and/or subparagraphs of the Petition which are not specifically mentioned herein, Defendant denies all allegations of same for lack of knowledge or information sufficient to justify a good faith belief therein.

***Request for Trial by Jury***

**24.**

Defendant hereby requests a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

**AND NOW FURTHER ANSWERING**, and as its affirmative defenses, Defendant respectfully avers:

### FIRST AFFIRMATIVE DEFENSE

As the First Affirmative Defense, the Defendant asserts a Failure to State a Cause of Action upon which relief can be granted, as the Plaintiffs failed to sufficiently plead a basis upon which relief can be granted. Plaintiffs failed to allege with specificity any factual allegations to establish the requisite elements. Plaintiffs failed to set forth ultimate facts to show that they are entitled to relief.

### SECOND AFFIRMATIVE DEFENSE

As the Second Affirmative Defense, the Defendant asserts that the Plaintiffs' damages were caused, in whole or part, as a result of Plaintiffs' own negligence, including but not limited to, acts of negligence listed below and others to be shown at the time of trial:

    a.    Failing to exercise reasonable care under the circumstances prevailing at the time of the accident;

    b.    Failing to take proper precautions to avoid the accident;

    c.    Failing to do any act by which the action that is made the basis of this lawsuit could have been avoided;

    d.    Failing to act as a reasonable and prudent person would act under the same or similar circumstances;

    e.    Failing to be attentive to his surroundings and to act in a prudent and cautious manner for the protection of life and limb; and

    f.    Other acts and or omissions that constitute negligence to be shown at the time of trial herein.

Therefore, Plaintiffs' recovery, if any, should be proportionally diminished by the Doctrine of Comparative Negligence.

### THIRD AFFIRMATIVE DEFENSE

As the Third Affirmative Defense, the Defendant asserts that any injuries or damages alleged by the Plaintiffs was the result of intervening or superseding events, factors, occurrences or condition, which were in no way caused or contributed to by the Defendant, therefore, the Defendant is not liable hence defeating Plaintiffs' claims.

### FOURTH AFFIRMATIVE DEFENSE

As the Fourth Affirmative Defense, the Defendant asserts Waiver and Estoppel in that the Plaintiffs are barred, in whole or part, from recovery to the extent that it or its agents or real

parties in interest have made statements or taken actions which stop them from asserting the allegations stated in the Petition for Damages.

### FIFTH AFFIRMATIVE DEFENSE

As the Fifth Affirmative Defense, the Defendant states that the alleged injuries and/or damages of the Plaintiffs were caused in whole or in part by the negligence of third parties over whom the Defendant had no control. The Plaintiffs' claims against the Defendant must therefore be reduced in proportion to the negligence of third parties.

### SIXTH AFFIRMATIVE DEFENSE

As the Sixth Affirmative Defense, it is affirmatively alleged that the Plaintiffs have and possibly will receive payment of medical expenses under a policy or policies of health, accident, or medical and or hospitalization insurance, Medicare or Medicaid benefits and or at a charity hospital, and have subrogated their rights and or claims for payment of said expenses to the person, firm, corporation, or entity issuing said policy or benefits, and therefore has no right of action against the Defendant for the amounts so paid.

### SEVENTH AFFIRMATIVE DEFENSE

As the Seventh Affirmative Defense, the Defendant cannot be held liable to the Plaintiffs to the extent that the damages, if any, pre-existed the incident described in the Petition for Damages.

### EIGHTH AFFIRMATIVE DEFENSE

As the Eighth Affirmative Defense, the Plaintiffs' claims are prescribed.

### NINTH AFFIRMATIVE DEFENSE

To the extent discovery may show it applicable, Defendant avers that the claims against Defendant is barred, in whole or in part, based on the unavoidable and/or inevitable accident and/or sudden emergency doctrines.

### RESERVATION OF RIGHT TO SUPPLEMENT DEFENSES

The facts having not been fully developed, Defendant gives notice that they intend to rely upon such other affirmative defenses as may become available or apparent by law and/or during the course of discovery and thus reserve the right to amend their Answer to assert such defenses. The Defendant asserts that the Plaintiffs have not described the claims, or the underlying facts against the Defendant with sufficient particularity to enable them to determine all defenses may

pertain to such claims. The Defendant, therefore, reserves his rights to assert additional defenses once the precise nature of such claims is ascertained.

**WHEREFORE**, the Defendant, Terry Coleman, prays this answer to the Plaintiffs' Petition for Damages be deemed good and sufficient, that it receives a trial on all issues herein, and that after due proceedings are had there be judgment rendered in their favor and against the Plaintiffs, dismissing the Plaintiffs' petition with prejudice, at the Plaintiffs' costs, and for all other general and equitable relief to which the Defendant may be deemed entitled by this Court.

Respectfully Submitted:

DEGAN, BLANCHARD & NASH

Brian W. Harrell (#28439)
Sidney W. Degan, III (#4804)
5555 Hilton Avenue, Suite 620
Baton Rouge, Louisiana 70808
Telephone: 225-610-1110
Facsimile: 225-610-1220
*Counsel for the Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon all counsel of record and unrepresented parties, as follows:

| | |
|---|---|
| Peyton P. Murphy<br>Brian L. McCullough<br>Ashley N. Mazerac<br>Troy D. Morain<br>Murphy Law Firm<br>2354 S. Acadian Thruway<br>Baton Rouge, Louisiana 70808<br>*Counsel for plaintiffs* | ☑ US Mail, property addressed with postage prepaid<br>☑ Facsimile<br>☐ UPS/Federal Express<br>☐ Electronically (email) |

Baton Rouge, Louisiana, this the 23 day of April, 2019.

Brian W. Harrell

6